UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ASLAM CYCLEWALA, *also known as Javed Khan*,

Petitioner,

v.

THOMAS E. FEELEY, *et al*.,

Respondents.

---

**DECISION AND ORDER**

6:20-CV-06678 EAW

**INTRODUCTION**

Petitioner Aslam Cyclewala a/k/a Javed Khan ("Petitioner"), a civil immigration detainee currently held at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1). In his petition Petitioner contended that his continued detention pending removal violates his right to due process. (*Id*.). In a Decision and Order ("D&O") dated January 29, 2021, the Court denied the petition. (Dkt. 8). Presently pending before the Court is Petitioner's motion seeking clarification and/or reconsideration of the D&O. (Dkt. 12). For the reasons that follow, the Court denies Petitioner's motion to clarify and reconsider.

## BACKGROUND

### I. Factual Background

The factual background of this case is set forth in detail in the D&O, familiarity with which is assumed for purposes of this Decision and Order. To the extent relevant, the Court addresses any factual contentions raised by Petitioner in the pending motion in the Discussion section of this Decision and Order.

### II. Procedural Background

Petitioner filed his petition on September 4, 2020. (Dkt. 1). Respondents filed their answer and return in response to the petition on October 23, 2020. (Dkt. 5). Petitioner filed his reply on November 13, 2020. (Dkt. 6). Petitioner filed a supplemental declaration on January 18, 2021. (Dkt. 7).

On January 29, 2021, the Court issued the D&O, denying the petition. (Dkt. 8). On February 12, 2021, Petitioner, who was represented by counsel at the time, filed a *pro se* motion for reconsideration. (Dkt. 9). The Court denied the motion for reconsideration without prejudice on February 16, 2021, directing Petitioner to either file the motion through counsel or clearly and unequivocally discharge his counsel. (Dkt. 11). In his submissions on the pending motion filed February 22, 2021, Petitioner unequivocally informed the Court that he intended to proceed *pro se* and counsel's representation of Petitioner was terminated. (Dkt. 12, Dkt. 13). Respondents filed a response to the motion for clarification and reconsideration on March 17, 2021. (Dkt. 16). Petitioner filed a reply on March 25, 2021. (Dkt. 18, Dkt. 19).

## DISCUSSION

### I. Motion for Clarification

"[T]here is no Federal Rule of Civil Procedure specifically governing 'motions for clarification.'" *Frommert v. Conkright*, 00-CV-6311L, 2017 WL 952674, at *3 (W.D.N.Y. Mar. 10, 2017) (quoting *University of Colorado Health at Mem. Hosp. v. Burwell*, 165 F. Supp. 2d 56, 61 (D.D.C. 2016)). However, "[w]hen a court ruling is unclear or ambiguous, the issuing court may grant the motion and provide additional clarification modifying that ruling or order after providing other parties an opportunity to respond." *Metcalf v. Yale Univ*., No. 15-CV-1696 (VAB), 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019). "Unlike a motion for reconsideration, a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *Id.*; *see also Deutsche Bank Nat'l Tr. Co. v. WMC Mortg., LLC*, No. 12-CV-1699-CSH, 2015 WL 11237310, at *6 (D. Conn. July 6, 2015) ("A clarification motion asks the Court: 'What did you mean to say?' A reconsideration motion says to the Court: 'We know what you said. It is wrong. Change it.'").

As reflected in the D&O, a critical issue before the Court was whether Petitioner's removal period could appropriately be deemed extended pursuant to § 1231(a)(1)(C), which provides that "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." The Court concluded that § 1231(a)(1)(C) did apply in this case because

"[e]ven accepting Petitioner's claim that the most recent documentation and information he has provided is accurate, the delay required to verify his representations is the result of his own prior misleading conduct." (Dkt. 8 at 10).

Petitioner styles his motion as one for clarification. But notwithstanding that designation, the only clarification the motion appears to seek is guidance as to when his removal period is deemed to begin and rests on his position that the ultimate conclusions reached in the D&O were erroneous.[1] Specifically, Petitioner states:

> The decision is not clear (1) when does the 6 months period start, you have said that I am the reason for the delay, and that I was interviewed on August 4, 2020, and in September of 2020 the consulate requested addition information, which ICE provided (page 5).
> So the six months should start on or about August or September, that's one way of looking at it, the other way is that Indian consulate already had the information in 2016/2017/2018/2019.

(Dkt. 12 at 3-4). The D&O unequivocally stated that "under § 1231(a)(1)(b), the removal period began on February 11, 2020, when Petitioner was released from state criminal custody." (Dkt. 8 at 8). The Court recognizes that Petitioner may dispute that finding or urge the Court to find that an earlier date was more appropriate, but there is no ambiguity in the D&O. In other words, Petitioner does not identify any information in the D&O that requires clarification, but rather, seeks to question the Court's findings in order to obtain a different outcome. As a result, the motion and relief sought therein is more appropriately

---

1 Petitioner also appears to now contend that he is a "stateless person," but does not make clear how or if that contention relates to the instant motion.

deemed to be solely one seeking reconsideration rather than clarification. On that basis, to the extent styled as a motion for clarification, the motion is denied.

## II. Motion for Reconsideration

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must 'have a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013)

(quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)), *aff'd*, 594 F. App'x 25 (2d Cir. 2015). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam*, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

Here, Petitioner seeks reconsideration of the denial of his petition. He argues that he did provide his birth certificate and school records to counsel in 2017 and urges the Court to investigate this allegation. (Dkt. 12 at 4-5). He contends that were the Court to contact his prior counsel or request his entire case file from ICE, it would be clear that the Indian consulate and ICE officers are delaying his deportation and release. (*Id.* at 5). In addition, he reargues the positions taken by him in the petition. (*Id.* at 6-20).

But in the D&O, the Court expressly acknowledged that some of the evidence as to whether Petitioner's removal period has been extended pursuant to § 1231(a)(1)(C) weighed in his favor, but concluded that the difficulty in verifying Petitioner's identity and obtaining travel documents ultimately were a direct consequence of Petitioner's own actions, "starting with the presentation of an altered passport in 1986 and continuing with the repeated presentation of conflicting and false information to first INS and then ICE." (Dkt. 8 at 9). As noted, the D&O concluded that "[e]ven accepting Petitioner's claim that the most recent documentation and information he has provided is accurate, the delay required to verify his representations is the result of his own prior misleading conduct," and that any more recent efforts by Petitioner to provide accurate information could not obviate the confusion caused by his prior actions. (*Id.* at 10).

As a result, nothing in the current motion would justify a different outcome here, but instead is just an attempt to reassert the same or similar arguments considered and rejected by the Court in the D&O. *See United States v. Seng*, No. S5 15-CR-706 (VSB), 2021 WL 961749, at *2 (S.D.N.Y. Mar. 15, 2021) ("A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'" (quoting *AP v. United States DOD*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)); *Knight First Amendment Inst. at Columbia Univ. v. U.S. Dep't of Homeland Sec.*, No. 1:17-CV-7572 (ALC), 2020 WL 5512540, at *3 (S.D.N.Y. Sept. 13, 2020) ("Where a movant seeks only to present 'the case under new theories' or take 'a second bit[e] at the apple,' a motion for reconsideration should be denied." (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)); *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (the "demanding standard" for reconsideration is not met where a party merely "make[s] a more persuasive argument" (quoting *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981)). Nor are any new arguments appropriately considered at this time. *See Wexler v. Allegion (UK) Ltd.*, No. 16 CIV. 2252 (ER), 2021 WL 1226596, at *4 (S.D.N.Y. Mar. 31, 2021) ("This argument is new and therefore the improper subject of a motion for clarification or reconsideration."). Accordingly, there being no showing of an intervening change of law, identification of new evidence, or any other error or injustice, Petitioner's motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, the Court denies the motion for clarification and/or reconsideration in its entirety.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: May 3, 2021
Rochester, New York